United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                              Case No. 12-10741-sr
Brian A Davis                                                       Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: JeanetteG          Page 1 of 2          Date Rcvd: Jun 02, 2017
                              Form ID: 3180W           Total Noticed: 15

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jun 04, 2017.
db          #+Brian A Davis,   103 Alison Road,   Apt. E-19,   Horsham, PA 19044-3037
12657853    ++CREDIT ACCEPTANCE CORPORATION,   25505 WEST 12 MILE ROAD,   SOUTHFIELD MI 48034-8316
              (address filed with court:  Credit Acceptance,   25505 W 12 Mile Rd,   Southfield, MI 48034)
13455529    +Cappio & Gigliotti, LLP,   2000 Spring Garden Street,   Suite 1F,   Philadelphia, PA 19130-3895
12776576    +H&R Block Bank,   c/o Creditors Bankruptcy Service,   P.O. Box 740933,   Dallas, TX 75374-0933
13176545    +Jacoby & Meyers Bankruptcy, LLP,   111 S. Independence Mall East,   Suite 555,
              Philadelphia, PA 19106-2508

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg          E-mail/Text: bankruptcy@phila.gov Jun 03 2017 00:53:31     City of Philadelphia,
              City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
              Philadelphia, PA  19102-1595
smg          E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jun 03 2017 00:52:56
              Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
              Harrisburg, PA  17128-0946
smg         +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Jun 03 2017 00:53:11     U.S. Attorney Office,
              c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
12666193     EDI: PHINAMERI.COM Jun 03 2017 00:53:00     Americredit Financial Services, Inc.,
              PO Box 183853,   Arlington TX 76096
12736191    +EDI: ATLASACQU.COM Jun 03 2017 00:53:00     Atlas Acquisitions LLC,   294 Union St.,
              Hackensack, NJ 07601-4303
12741817    +E-mail/Text: bncmail@w-legal.com Jun 03 2017 00:53:03     CASHCALL, INC.,
              C/O WEINSTEIN & RILEY, PS,   2001 WESTERN AVE., STE. 400,   SEATTLE, WA 98121-3132
12769901    +E-mail/Text: bankruptcy@cavps.com Jun 03 2017 00:53:07     Cavalry Portfolio Services, LLC,
              500 Summit Lake Drive Suite 400,   Valhalla, NY 10595-2322
12850974    +EDI: IRS.COM Jun 03 2017 00:53:00     Internal Revenue Service,   P O BOX 7346,
              Philadelphia PA 19101-7346
13028884     EDI: AIS.COM Jun 03 2017 00:53:00     Midland Funding LLC,   by American InfoSource LP as agent,
              Attn: Department 1,   PO Box 4457,   Houston, TX  77210-4457
12783142    +E-mail/Text: bankruptcynotice@westlakefinancial.com Jun 03 2017 00:52:59
              Westlake Financial Services,   4751 Wilshire Blvd., Ste. #100,   Los Angeles, CA 90010-3847
                                                                                         TOTAL: 10

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                       TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 04, 2017                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on June 2, 2017 at the address(es) listed below:
        CHRISTOPHER G. CAPPIO   on behalf of Debtor Brian A Davis cappioandgigliotti@gmail.com,
          ecf.philadelphia@gmail.com
        FREDERICK L. REIGLE   ecfmail@fredreiglech13.com,   ecf_frpa@trustee13.com
        GEORGE M. CONWAY   on behalf of U.S. Trustee   United States Trustee george.m.conway@usdoj.gov
        JOSHUA ISAAC GOLDMAN   on behalf of Creditor   Westlake Financial Services, Its assignees and/or
          successors in interest bkgroup@kmllawgroup.com,   bkgroup@kmllawgroup.com

```
District/off: 0313-2          User: JeanetteG          Page 2 of 2             Date Rcvd: Jun 02, 2017
                             Form ID: 3180W           Total Noticed: 15
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
         POLLY A. LANGDON    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com,
          ecf_frpa@trustee13.com
         THOMAS I. PULEO    on behalf of Creditor    Westlake Financial Services, Its assignees and/or
          successors in interest tpuleo@kmllawgroup.com,  bkgroup@kmllawgroup.com
         United States Trustee    USTPRegion03.PH.ECF@usdoj.gov

                                                   TOTAL: 7

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | **Brian A Davis** | Social Security number or ITIN | **xxx–xx–2698** |
| | First Name    Middle Name    Last Name | EIN | _ _ – _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN | _ _ _ _ |
| | | EIN | _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court | **Eastern District of Pennsylvania** | | |
| Case number: | **12–10741–sr** | | |

## Order of Discharge

**12/15**

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Brian A Davis

6/2/17

**By the court:**     Stephen Raslavich
United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

♦ some debts which the debtors did not properly list;

♦ debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

♦ debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

♦ debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Form 3180W                    **Chapter 13 Discharge**                    page 2